Armine Singh, Esq. (SBN 266694)
Dianna Ter- Vardanyan, Esq. (SBN 253636)
**Prime Law Group, APC**
101 N. Brand Blvd. PH1920
Glendale, CA 91203
Direct: 818-276-2464
E-Fax: 818-446-2162

Attorneys for Plaintiff,
JOHN A. QUIROGA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. QUIROGA, *an individual*;<br><br><br>       Plaintiff,<br><br><br>v.<br><br><br><br>WELLS FARGO  FINANCIAL SERVICES, INC.; NDEX WEST, LLC; and DOES 1 through 20, inclusive,<br><br><br><br>                Defendants. | **CASE NO: 4:14-CV-01332- KAW**<br><br>*Assigned to Honorable Kandis A. Westmore*<br><br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT<br><br><br><br>Date:  June 5, 2014<br>Time: 11:00 am<br>Ctrm: 4 |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. AS A MATTER OF PROCEDURE, PLAINTIFF'S MOTION TO  REMAND SHOULD BE DETERMINED BEFORE THE  DEFENDANTS' MOTION TO DISMISS IS CONSIDERED......................................................................... 1

    A. REMOVAL JURISDICTION IS STRICTLY CONSTRUED AND REMAND IS REQUIRED IN THE CASE OF ANY DOUBT AS TO THE RIGHT OF REMOVAL.................................................................. 2

III. MOTION TO DISMISS STANDARD...................................................... 4

IV. ARGUMENT .......................................................................................... 4

    A. HOLA Does Not Apply To The Case At Bar .......................................... 5

        1. Plaintiff's causes of action are not Preempted under HOLA................... 12

    B. PLAINTIFF HAS ADEQUATELY PLEAD A VIOLATION OF CAL. CIVIL CODE SECTION 2923.5 ............................................................ 14

    C. PLAINTIFF HAS ADEQUATELY PLEAD FOR CAL. CIVIL CODE SECTION 2923.55.................................................................................. 16

    D. PLAINTIFF HAS ADEQUATELY PLEAD FOR CAL. CIVIL CODE SECTION 2923.6 & 2923.7...................................................................... 17

    E. PLAINTIFF'S UCL CLAIM IS SUFFICIENTLY PLED................................. 18

V. IF THE COURT PERCEIVES ANY MERIT TO THE MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED ........................................... 20

VI. CONCLUSION....................................................................................... 20

## TABLE OF AUTHORITIES

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# Cases

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)........................................................................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................. 5, 8

*Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).................................................. 3

*Bosse v. Crowell, Collier and MacMillan* (9th Cir: 1977) 565 F.2d 602 .................................................................................................................. 9

*Breier v. Northern California Bowling Proprietors' Assn.*, 316 F.2d 787, 789 (9th Cir. 1963).......................................................................... 13

*Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798.................. 11

*Castagnola Fleet Management v. Sea-Pac Insurance Managers, Inc.*, 2010 WL 883842, *2 (S.D.Cal. 2010) .............................................................. 4

*Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) ................................................................................................................ 5

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp*, 2010 WL 2354411 at *1 (E.D.Cal. 2010) ...................................................................................... 4

*Edelman v. Bank of America Corp.*, No. SACV 09-00309-CJC (MLGx), 2009 WL 1285858, at *2 (C.D. Cal. 2009) ................................... 6

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)............................ 5

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)........................................... 3

*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 .................................................................................................................. 6

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)........................................................................................... 4

*Harden v. Field Memorial Community Hosp.*, 516 F.Supp.2d 600, 605 (S.D. Miss. 2007) ......................................................................................... 3

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285 ..................................... 8, 9

*Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ...................... 3

*In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959)..................... 3

*In re Foreclosure Cases*, 521 F.Supp.2d 650, 653 (S.D. Oh. 2007) ........................ 7

*In re Vargas*, 396 B.R. 511, 520 (Bankr. C.D. Cal. 2008)...................................... 7

*In re Walker*, Case No. 10-21656-E-11, Minute Order dated 5/20/10 (Bankr. E.D. Cal. 2010) .............................................................................. 7

Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092, (9th
   Cir. 1990) .................................................................................................4

*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir.
   2008)........................................................................................................5

*Landmark Nat'l Bank v. Kesler*, 216 P.3d 158 (Kan. 2009) ...................................7

*LaSalle Bank v. Lamy*, 824 N.Y.S.2d 769 (N.Y. Sup. Ct. 2006) ...........................7

*Leadsinzer, Inc. v. BMG Music Pub.* (9th Circuit 2008) 512 F.3d 522 .................12

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.
   1979)........................................................................................................3

*Mayes v. Leipziger*, 729 F.2d 605, 607-609 (9th Cir. 1984) .................................12

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189
   (1936) ......................................................................................................4

*Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ..........................................2

*Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712, n.3
   (9th Cir. 1990)........................................................................................3

*Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001) ............................................4

*Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753, n.6, 83
   S.Ct. 1461, 10 L.Ed.2d 678 (1963) ......................................................5

*Sanford v. Savings & Loan Soc.* (N.D. Cal 1893) 80 F. 54...................................8

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.* 549
   U.S. 422, 430-31, 127 S.Ct. 1184, 1191 (2007) .................................2

*Societe de Conditionnement en Aluminum v. Hunter Engineering
   Company, Inc.* (9th Circuit 1981) 655 F.2d 938 ...............................12

*Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th
   Cir. 1985) ...............................................................................................3

*Thermtron Products, Inc. v. Hermansdorfer* 423 U.S. 336, 343 (1976)...................4

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495,
   499 (9th Cir. 2001)................................................................................2

*Towne Dev. Co. v. Lee* (1965) 63 Cal. 2d 147........................................................8

*Wallins v. Beverly Enterprises* (9th Cir: 1973) 476 F.2d 393 ...............................9

## **Statutes**

28 U.S.C. § 1447....................................................................................................4

28 U.S.C. § 1447(c) ................................................................................................ 2

28 U.S.C. § 2201 ................................................................................................... 12

28 U.S.C. § 2202 ................................................................................................... 12

*California Business & Professions Code* § 17200 ................................................ 10

*California Business & Professions Code* § 17204 ................................................ 11

*California Business & Professions Code* § 17200 ................................................ 10

*California Civil Code* § 1511 ............................................................................... 8

*California Civil Code* § 2924l .............................................................................. 1

*California Civil Code* § 3387 ............................................................................... 12

*California Code of Civil Procedure* § 761.020 ..................................................... 7

## **Other Authorities**

14C Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 3739 (2010) .................. 3

## **Rules**

FRCP 8(a)(2) ........................................................................................................ 5

FRCP 15(a) .......................................................................................................... 13

FRCP 57 ............................................................................................................... 12

FRCP 9(b) ............................................................................................................. 9

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Plaintiff JOHN A. QUIROGA ("Plaintiff") hereby files its Memorandum In Support of Opposition to Defendant WELLS FARGO, N.A.'S (hereinafter "Defendant") Motion to Dismiss Plaintiff's Complaint.

## I.      INTRODUCTION

This Court should not consider Defendants' motion until it first resolves Plaintiff's pending motion to remand the action, as this Court clearly lacks subject matter jurisdiction over this action.   As discussed at length in the Motion to Remand, incorporated by reference herein, defendants have not (and cannot) overcome the strong presumption against removal, *inter alia*, because (1) defendant WELLS FARGO is of a California domicile and was properly served in this matter; (2) defendant NDEX WEST, LLC is a nominal defendant; (3) and Plaintiff is a citizen of California; (4) Since Plaintiff and Defendants are citizens of California, diversity is destroyed thereby depriving this Court with subject matter jurisdiction as no federal question is involved; and (5) the Notice of Removal was filed  in an attempt to "forum shop."

## II.     AS A MATTER OF PROCEDURE, PLAINTIFF'S MOTION TO REMAND SHOULD BE DETERMINED BEFORE THE DEFENDANTS' MOTION TO DISMISS IS CONSIDERED

Section 1447(c) of the Judicial Code (28 U.S.C. § 1447(c)) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendants have the same citizenship as any plaintiff." (*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).)  "The diversity upon which removal is predicated must be complete (citation), and should generally be

1   determined from the face of the complaint." (*Miller v. Grgurich*, 763 F.2d 372, 373

2   (9th Cir. 1985).)

3      "[A] federal court generally may not rule on the merits of a case without <u>first</u>

4   <u>determining</u> that it has jurisdiction over the category of claim in suit (subject-

5   matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Intern. Co.*

6   *Ltd. v. Malaysia Intern. Shipping Corp*. 549 U.S. 422, 430-31, 127 S.Ct. 1184,

7   1191 (2007)(Emphasis added). Therefore, the court must be certain that federal

8   subject-matter jurisdiction is proper before entertaining a defendant's motion to

9   dismiss the plaintiff's complaint for failure to state a claim upon which relief can be

10  granted. 14C Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 3739 (2010),

11  citing *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959); *Harden*

12  *v. Field Memorial Community Hosp.*, 516 F.Supp.2d 600, 605 (S.D. Miss. 2007),

13  aff'd, 265 Fed. Appx. 405 (5th Cir. 2008).

14     As "jurisdictional questions must ordinarily precede merits determinations in

15  dispositional order" (*Sinochem, supra*), the Plaintiff's Motion to Remand should be

16  determined before the court considers Defendants' Motion to Dismiss.

17     **A.   REMOVAL JURISDICTION IS STRICTLY CONSTRUED AND**

18          **REMAND IS REQUIRED IN THE CASE OF ANY DOUBT AS**

19          **TO THE RIGHT OF REMOVAL**

20     The Ninth Circuit "strictly construe[s] the removal statute against removal

21  jurisdiction." (*Gaus v. Miles, Inc*. (*Gaus*), 980 F.2d 564, 566 (9th Cir. 1992), citing

22  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) and *Takeda v. Northwestern*

23  *Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Abrego Abrego v. The Dow*

24  *Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (noting statute's "jealous restriction

25  [of diversity jurisdiction to] avoid offense to state sensitiveness, and [to] reliev[e]

26  the federal courts of the overwhelming burden of business that intrinsically belongs

27  to the state courts in order to keep [federal courts] free for their distinctive federal

28  business"). "The 'strong presumption' against removal jurisdiction means that the

defendant always has the burden of establishing that removal is proper." *Gaus* at 566, citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712, n.3 (9th Cir. 1990). "*Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance*." (*Gaus* at p. 566, citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979), italics added.). The court "resolves all ambiguity in favor of remand." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092, (9th Cir. 1990), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "In addition to the strong presumption against removal jurisdiction [citation], [d]efendants face the 'general presumption against fraudulent joinder ....' " *Castagnola Fleet Management v. Sea-Pac Insurance Managers, Inc.*, 2010 WL 883842, *2 (S.D.Cal. 2010), quoting *Hunter, supra*, 582 F.3d at 1046. " 'Fraudulent joinder must be proven by clear and convincing evidence.' " *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Except in civil rights cases, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...." (28 U.S.C. § 1447, subd. (d)). Moreover, "[n]o statement of reasons need be given in ruling on a motion to remand." (*Schwarzer, supra*, p. 2D-221, ¶ 2:1105.). "If a trial purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the courts of appeal, by mandamus, or otherwise." (*Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976)).

As stated more fully in the accompanying Motion to Remand, defense counsel hastily proceeded to remove the instant matter without justification and without reasonable inquiry. In the event that Plaintiff's Motion to Remand is denied, Defendants' Motion to Dismiss must be further denied as Plaintiff has

1    stated enough facts, at this stage of litigation, to state its claims for relief that are
2    plausible on their face and thus not subject to dismissal.

3

4    **III.    MOTION TO DISMISS STANDARD**

5         "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the
6    complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001)." *Duhn Oil Tool,*
7    *Inc. v. Cooper Cameron Corp*, 2010 WL 2354411 at *1 (E.D.Cal. 2010).   On a
8    motion to dismiss, the factual allegations of the complaint must be accepted as true.
9    *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Duhn,*
10   *supra*.   The court is bound to give plaintiff the benefit of every reasonable
11   inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*
12   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753, n.6, 83 S.Ct. 1461, 10
13   L.Ed.2d 678 (1963); *Duhn, supra*.
14        Under the *Federal Rules of Civil Procedure*, Plaintiffs are required only to
15   plead "a short and plain statement of the claim showing that the pleader is entitled
16   to relief." *Fed. R. Civ. P*. 8(a)(2). "Specific facts are not necessary; the statement
17   need only give the defendant's] fair notice of what... the claim is and the grounds
18   upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200
19   (2007).  The complaint need state only enough facts to state a claim for relief that
20   is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
21   The Court must accept all factual allegations of the complaint as true and draw all
22   reasonable inferences "in the light most favorable to [the Plaintiffs]," when
23   considering Defendants' motions to dismiss. *Johnson v. Riverside Healthcare Sys*.,
24   534 F.3d 1116, 1122 (9th Cir. 2008).

25

26   **IV.    ARGUMENT**

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

### A.   HOLA Does Not Apply To The Case At Bar

Defendants make the argument that Plaintiff's state law claims are preempted under the National Bank Act ("NBA"), 12 U.S.C. § 21. 12 C.F.R. § 34.4, promulgated by the Office of Comptroller of Currency ("OCC"), which contains a preemption provision. That provision states:

> "Except where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks. Specifically, a national bank may make real estate loans under 12 U.S.C. 371 and § 34.3, without regard to state law limitations concerning:
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."
>
> 12 C.F.R. § 34.4(a)(10).

The regulation also contains an *exception* clause, which states, State laws on the following subjects are not inconsistent with the real estate lending powers of national banks and apply to national banks to the extent that they only incidentally affect the exercise of national banks' real estate lending powers:

> (1) Contracts;
>
> (2) Torts;
>
> (3) Criminal law;
>
> (4) Homestead laws specified in 12 U.S.C. 1462a(f);
>
> (5) Rights to collect debts;
>
> (6) Acquisition and transfer of real property;
>
> (7) Taxation;
>
> (8) Zoning; and
>
> (9) Any other law the effect of which the OCC determines to be incidental to the real estate lending operations of national banks

or otherwise consistent with the powers and purposes set out in §

34.3(a).

12 C.F.R. § 34.4(b).

As the Supreme Court has explained, "Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the NBA." *Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 11, 127 S.Ct. 1559, 167 L.Ed.2d 389 (2007). On that note, OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) or § 560.10. 12 C.F.R. § 560.2(a).

In addition, § 560.2(b) provides, except as provided in § 560.110 of this part, the types of state laws preempted by paragraph (a) of this section include, without limitation, state laws purporting to impose requirements regarding:

 "(10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10).

Section 560.2(c) provides a savings clause:

"State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:

(1) Contract and commercial law;

(2) Real property law;

...

(4) Tort law;

...

(6) Any other law that OTS, upon review, finds:

(i) Furthers a vital state interest; and

(ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section."

In order to determine whether a claim is preempted under HOLA, OTS prescribes the following process: When analyzing the status of state laws under § 560.2, *the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted.* If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be  interpreted narrowly. *Any doubt should be resolved in favor of preemption. Tamburri v. Suntrust Mortgage, Inc., et al*., Defendants United States District Court, N.D. California. (June 21, 2012) 875 F.Supp.2d 1009, 1018; See also *Parcray v. Shea Mortg. Inc.,* CV–F09–1942OWW/GSA, 2010 WL 1659369, at *7–8 (E.D.Cal. Apr. 23, 2010) (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966–50967 (Sept. 30, 1996) (emphasis added)). Thus, the savings clause comes into play only if the law at issue is not listed in the preemption section.

Indeed, the Ninth Circuit has concluded that, while the OTS/HOLA regulations described above permit a court to consider the savings clause of § 560.2(c) only if the law at issue does not fall within the express preemption provisions of § 560.2(b), the OCC/NBA regulations "require[ ] the court to consider both the express preemption and savings clauses *together*" in the first instance. *Aguayo v. U.S. Bank,* 653 F.3d 912, 922 (9th Cir.2011) (emphasis added) (internal citations omitted). When properly analyzed under the National Banking Act's ("NBA") preemption regime, the Civil Code violations not preempted because it falls squarely within the Office of the Comptroller of the Currency ("OCC") regulation's savings clause that preserves state foreclosure laws.

1        Wells Fargo urges the court to analyze preemption of Civil Code violations

2    under HOLA and its attendant office of Thrift Supervision regulations. This

3    analysis is wrong: Wells Fargo's only ground for preemption arises from the NBA.

4        Preemption of state law by national banks is analyzed under the OCC

5    conflict preemption standards set forth in the NBA. See Aguayo v. U.S. Bank,

6    N.A. 653 F. 3d 912, 921-22 (9th Cir. 2011).  In this case, Plaintiff's loan was

7    originally held by World Savings Bank, which became Wachovia, which became

8    Wachovia, which eventually merged with Wells Fargo (Def.'s Request for Jud.

9    Notice, A- E). Because Wells Fargo currently holds the loan, is directly responsible

10   for the foreclosure process, and is a national bank, the NBA and OCC regulations

11   apply.  The fact that the loan originated with World Savings, a federal association,

    does nothing to change this analysis[1].

12       The central allegation in this case- Wells Fargo's noncompliance with Civil

13   Code §§ 2923.5, 2923.6, 2923.55, 2924.17, 2924.12- is attributable solely to the

14   foreclosure actions of Wells Fargo and has nothing to do with the origination

15   activity of World Savings. See Gerber. Wells Fargo Bank, N.A., 2012 WL 413997,

16   at *4 (D. Ariz. Feb. 9, 2012).

17       Even if Wells Fargo were correct that the preemption analysis applicable to

18   federal savings associations is appropriate here, its reliance on the HOLA

19   preemption standard is misplaced because Congress amended HOLA in 2011 as a

20   part of the Dodd-Frank Wall Street Reform and Consumer Protection Act to

21   Conform HOLA preemption standards to the NBA conflict preemption standard.

22   See 12 U.S.C. § 1465(a) (2012) ("Any determination by a court… regarding the

    relation of State law to [federal savings associations] shall be made in accordance

23

24   _____

25      [1] The court in Gerber v. Wells Fargo Bank, N.A., criticized the cases relied on by Wells
     Fargo to support the claim that World Savings and Wachovia somehow bestow HOLA
     preemption to Wells Fargo because the "cases cite either (a) nothing (b) each other, or (c)

26   generic statements of law about corporations succeeding to the rights of the entities they
     acquire." 2012 WL 413997, at 4* (D. Ariz. Feb. 9, 2012).  As the court noted, "preemption is not

27   some sort of asset that can be bargained, sold, or transferred." *Id*. See also Albizo v. Wachovia
     Mortg., 2012 WL 1413996, at *15 (E.D. Cal. Apr. 20, 2012) (HOLA is not a privilege that can

28   "trickle…down" to a loan's successor in interest.)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

with the laws and legal standards applicable to national banks regarding the preemption fo State law.").

Wells Fargo's argument that Section 2923.6 regulates the "servicing" and "processing" of loans relies on an overbroad construction of the terms that is untethered to lending, the focus of the OCC regulation. To interpret "servicing" to include foreclosure, as Wells Fargo argues, would result in the preemption of every state law regarding foreclosure. See Gerber, 2012 WL 413997, at *8. Section 2923.6 requires a mortgagee to make a "written determination" that he modification has been approved or denied before moving forward with the foreclosure process. See Cal. Civil Code section 2923.6 ©(1).

Nor does Section 2923.6 require "disclosures" because notices that relate to debt collection upon default of an existing loan are not disclosures within the meaning of the regulation.  See Epps v. JP Morgan Chase Bank, N.A., 675 F. 3d 315, 325 (4th Cir. 2012). The NBA only preempts state laws requiring disclosures at loan origination. OCC Interpretive Letter No. 1005, 2004 WL 3465750 (June 10, 2004). Significantly, Seciton 2923.6 requires banks to disclose why a modification application has been approved or denied only after the borrower has defaulted on their                    loan,                    not                    at                    origination.

Finally, foreclosure is nothing more than a debt collection process on real estate loans. It follows, then, that since Section 2923.6 regulates proccedures before a notice of default or foreclosure sale, this law undoubtedly regulates creditor's "rights to collect debt" within the meaning of the OCC's savings clause. 12 C.F.R. § 34.4 (b)(5) (2011).

Defendants provide no other authority for the proposition that Plaintiff's state law claims, including § 2923.5, are preempted by the HOLA. The few courts that have examined the HOLA'S application to state foreclosure laws have concluded that "state laws regulating foreclosure are [ ] not preempted by NBA." *Gerber v. Wells Fargo Bank, N.A.,* CV 11–01083–PHX–NVW, 2012 WL 413997, at *8 (D.Ariz. Feb. 9, 2012). *Gerber* reached this conclusion after an extensive analysis of the NBA's preemption provisions, and concluded that "there has never

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

been a federal presence [ ] sufficient to displace the various types of state statutes governing foreclosure procedures. Indeed, foreclosure practices govern 'acquisition and transfer of property,' an area which the Supreme Court has already confirmed lies within states' presumed powers to regulate." *See Id.* at *5 (quoting *Watters,* 550 U.S. at 11, 127 S.Ct. 1559) (addressing NBA preemption and concluding that banks remain subject to state laws regarding, *e.g.,* "acquisition and transfer of property"). *Gerber* also concluded that "foreclosure" was not among the NBA's expressly preempted state laws in 12 C.F.R. § 34.4(a). Although the regulation listed "servicing," the court found that "foreclosure" was not sufficiently related to "servicing" because "[t]he OCC went to the trouble of specificity concerning other phases of the loan's existence (*e.g.,* 'processing,' 'origination') but did not list 'foreclosure,' and it is therefore difficult to assume that it meant to include it within a 'servicing' catch-all." *Id.* at *8. The court noted that such a reading would create the implausible result of "bring[ing] down ... probably every state's laws regarding foreclosure." *Id. See also Loder v. World Savings Bank, N.A.,* No. C11–00053 TEH, 2011 WL 1884733, at *7 (N.D.Cal. May 18, 2011) (expressing concern, in the context of a HOLA preemption argument, that "a broad interpretation of what it means to 'service' or 'participate in' a mortgage could operate to preempt most all California foreclosure statutes where the foreclosing entity is a national lender").

Here, the Plaintiffs' causes of action in the complaint do not revolve around origination aspects of the subject loan, yet instead revolve around the Defendant's authority to move forward with non-judicial foreclosure of the Subject Property given the violations of the statutory regime for non-judicial foreclosures in the state of California (*Civil Code* section 2924 *et seq.*). The Supreme Court has also noted the states' longstanding interest in regulating the foreclosure process, and has imposed a clear statement rule on any statutes that could potentially be construed to impinge on that interest. *See BFP v. Resolution Trust Corp.,* 511 U.S. 531, 541–44, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (describing long history of state regulation of the foreclosure process and declining to read a provision of the

Bankruptcy Code as disrupting "the ancient harmony that foreclosure law and fraudulent conveyance law ... have heretofore enjoyed").

The OCC itself has confirmed that state foreclosure laws are not generally within the scope of NBA preemption. *See* Bank Activities and Operations; Real Estate Lending and Appraisals, 69 Fed.Reg. 1904–01, at 1912 & n. 59 (Jan. 23, 2004) (OCC final rule describing state foreclosure laws as generally among laws that "do not attempt to regulate the manner or content of national banks' real estate lending, but that instead form the legal infrastructure that makes it practicable to exercise a permissible Federal power").

If there were any doubt as to whether preemption under HOLA was equivalent to preemption under the NBA, the recent Dodd–Frank legislation lays such doubt to rest. The Dodd–Frank Act changed the above-described HOLA preemption analysis and mandates that HOLA preemption would now follow the more lenient NBA conflict preemption standard. *See Settle v. World Sav. Bank, F.S.B.,* ED CV 11–00800 MMM, 2012 WL 1026103, at \*13 (C.D.Cal. Jan. 11, 2012) ("The Dodd–Frank Act provides that HOLA does not occupy the field in any area of state law and that preemption is governed by the standards applicable to national banks.") (quoting \*1020 *Davis v. World Savings Bank, FSB,* 806 F.Supp.2d 159, 166 n. 5 (D.D.C.2011); citing Pub. L. No. 111–203, 2010 HR 4173 § 1046 ("Any determination by a court or by the Director or any successor officer or agency regarding the relation of State law to a provision of this chapter or any regulation or order prescribed under this chapter shall be made in accordance with the laws and legal standards applicable to national banks regarding the preemption of State law.... Notwithstanding the authorities granted under sections 4 and 5, this Act does not occupy the field in any area of State law.")). Thus, not only is HOLA preemption inapplicable to NBA cases, it is no longer applicable at all to any post-Dodd-Frank transactions.

Moreover, even if the broader HOLA preemption applied, some courts have concluded that "section 2923.5 is not preempted by federal banking regulations because it is, or can be construed to be, very narrow." *Mabry v. Superior Court,*

185 Cal.App.4th 208, 231, 110 Cal.Rptr.3d 201 (2010); *Pey v. Wachovia Mortg. Corp.,* No. 11–2922 SC, 2011 WL 5573894 (N.D.Cal. Nov. 15, 2011) (applying *Mabry* 's narrow construction to find § 2923.5 not preempted by HOLA); *Shaterian v. Wells Fargo Bank, N.A.,* No. C–11–920 SC, 2011 WL 2314151 (N.D.Cal. June 10, 2011) (same).

Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the National Banking Act (NBA). 12 U.S.C.A. § 21; 12 C.F.R. § 34.4.

### 1.     Plaintiff's causes of action are not Preempted under HOLA.

As held in *Tamburri*, Mortgagor's claims for unfair business practices, wrongful foreclosure, and other claims challenging the foreclosure on mortgagor's home, under California law, were not preempted by the National Banking Act (NBA) or Home Owners' Loan Act (HOLA). *Tamburri v. Suntrust Mortgage, Inc., et al*., Defendants United States District Court, N.D. California. (June 21, 2012) 875 F.Supp.2d 100912 U.S.C.A. § 21; 12 C.F.R. § 34.4(a)(10); Home Owners' Loan Act, § 5, 12 U.S.C.A. § 1464.  Furthermore, allegations by mortgagor that mortgage lender and mortgage loan servicer failed to contact her before filing the notice of default on the mortgage loan prior to initiating the foreclosure proceeding stated claim for violation of California statute governing foreclosures, and was not preempted as well. *Id*. at 1022.

Unlike the *Tamburri*, HOLA was held to preempt the mortgagor's claim for negligent misrepresentation against the loan originator and it's parent company regarding disclosures respecting the mortgage loan and provision of credit related documents. *Appling v. Wachovia Mortg., FSB* United States District Court, N.D. California, San Jose Division. (September 17, 2010) 45 F.Supp.2d 961, 971-972 Similarly, HOLA preempted the mortgagor's claim against loan originator and its parent company for aiding and abetting breach of fiduciary duty, which was grounded in allegations that other defendants failed to make disclosures about mortgage loan required by state and federal law, misrepresented terms of loan and

viability of refinancing, and serviced loan out of compliance with Truth in Lending Act (TILA) and thus was based entirely on lending activities listed in regulation addressing HOLA preemption. Id.

Here, Plaintiff's causes of action for violation of Cal. Civil Code section 2923.5, and similar violations are not preempted by Wells Fargo's acquisition and succession of a federally chartered bank as in *Tamburri*. Plaintiff has not plead causes of action regarding negligent loan origination or failure to make disclosures against the Defendant or its parent company. As such, Plaintiff's causes of action are not preempted.

The Defendant argues that since civil penalties as well as economic damages may now be imposed upon lenders according to Cal. *Civil Code* section 2924.12, the court should disregard Mabry's holding that preemption does not apply to Cal. *Civil Code* section 2923.5. However, Cal. *Civil Code* section 2924.12 does not impose any civil remedies for a violation of 2923.5. Indeed, it pertains to only violations under Cal. *Civil Code* section 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17. Thus, Defendant's argument is misplaced.

The Defendant in one swooping statement states that since Plaintiff's claim of a violation of Cal. Civil Code section 2924.17 is based upon Section 2923.5, for the same reason, it is also preempted. To that extent, Plaintiff incorporates by reference the argument listed above since Cal. Civil Code section 2923.5 is not preempted by HOLA pursuant to *Mabry* and *Tamburri*.

The Defendant also argues that Cal. Civil Code section 2923.55 is also preempted because the statutes revolves around disclosures which are highlighted in HOLA. However, the statute revolves around disclosing a set of documents regarding the lender's authority to foreclosure upon the request of the borrower. *See* Cal. *Civil Code* section 2923.55. These set of disclosures are not the same set of disclosure which HOLA pertains to, with regards to the disclosures necessary in the loan origination process. Indeed, this requirement only kicks in if the borrower has made the request after the borrower has been provided a loan! Thus, Defendant's argument is misplaced again.

Defendant argues that Plaintiff's causes of action for Civil Code section 2923.6 and 2923.7 are preempted because they attempt to impose requirements on a loan governed by HOLA and concern additional disclosure and communication obligations prior to the commencement of foreclosure proceedings. However, Cal. Civil Code section 2923.6 does not impose a duty or requirement on lenders to modify the loan. Mabry, 185 Cal. App 4th at 222 ("Section 2923.6 merely expresses a hope that lenders will offer loan modification on certain terms.") Vissuet v. Indymac Mort. Servs. No. 09-CV-2321-IEG (CAB), 2010 WL1031013, at *6 (S.D. Cal. March 19, 2010) ("[N]othing in Cal. Civil Code section 2923.6 imposes a duty on servicers of loans to modify the terms of the loan.") (quoting Farmer v. Countrywide Home Loans, No. 08cv2193 BTM (AJB), 2009 WL 189025, at 2* (S.D. Cal. Jan. 26, 2009).  Additionally, Cal. Civil Code section 2923.7 does not impose obligations on the lender *prior* to the commencement of foreclosure proceedings, which is what is preempted under HOLA. Instead, the section only comes into play when foreclosure proceedings have actually been initiated against the borrower. Cal. Civil Code section 2923.7 (a). As such, the Defendant's argument is, once again, misplaced.

Lastly, Defendants argue that since Plaintiff's UCL claim is predicated on the aforementioned causes of action, the UCL claim is also preempted. Plaintiff incorporates by reference the arguments raised above, and as such the UCL claim is not preempted.

## B.   PLAINTIFF HAS ADEQUATELY PLEAD A VIOLATION OF CAL. CIVIL CODE SECTION 2923.5

Plaintiff has adequately plead that Defendant had managed to attach a boilerplate declaration to the Notice of Default, which states that BOFA complied with the statutory requirements.  However, Plaintiffs contention and allegation is that the boilerplate declaration was false, as no contacts or attempts to make contacts with Plaintiffs pursuant to Cal. Civil Code section 2923.5 had been made. (Complaint ¶ 26). Plaintiff's contention is not that the boilerplate declaration is *unacceptable*, yet that it is not true. On a motion to dismiss, the factual allegations

-14-

1    of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92

2    S.Ct. 1079, 31 L.Ed.2d 263 (1972); Duhn, supra.

3         Defendant has conveniently misstated the remedy that is mandated under

4    California *Civil Code* section 2923.5.  As explained in the Mabry holding, the

5    remedy provided under the applicable section is postponement of the foreclosure

6    sale until the lender has complied with the requirements under California Civil

7    Code section 2923.5.  Defendants conclusively allege "the purposes of the statue

8    have been met," based solely upon a passage of time.  However, contrary to the

9    misstatements of Defendants, the remedy is not postponement alone; a mere

10   postponement does not fulfill the purpose behind California Civil Code section

11   2923.5.  The full remedy under the statute (and the purpose of the statute) would

12   include an assessment of the borrower's financial situation so that foreclosure

13   prevention options can be explored.  Defendants have failed to establish any such

     contacts have been made to date.

14        Defendants ignore the examination of California Civil Code section 2923.5's

15   "due diligence" requirements.  California Civil Code section 2923.5 expressly

16   provides that "due diligence" means that prior to recording a notice of default, the

17   beneficiary must send a letter by first class mail that includes a toll free number

18   made available by HUD and thereafter three (3) attempts to contact the borrower

19   by phone to the primary number on the file.  A beneficiary or authorized agent

20   satisfies the telephone contact requirements if it determines, after attempting to

21   contact the borrower by telephone, that the primary and any secondary number

22   have been disconnected.  If the beneficiary or authorized agent does not receive a

23   response from the borrower within two weeks after the telephone requirements

24   have been met, the beneficiary or authorized agent must send a certified letter to

     the borrower, with return receipt requested.

25        A beneficiary and authorized agents are required to refrain from recording a

26   Notice of Default and proceeding with the foreclosure process until thirty (30) days

27   has passed from the time they made the contact with the borrower as described

28   above or from the time they satisfied the due diligence requirements as described

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

above. In violation of California Civil Code section 2923.5 Defendants caused to be executed and recorded the NOD even though the required contacts with Plaintiffs had not been made. (Complain ¶ 26-28). The boilerplate declaration in the NOD that the requirements of California Civil Code section 2923.5 were met is false. (Complaint ¶2 7). On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Duhn, supra.

Finally, had Defendants fulfilled the contacts, Plaintiffs would have had the opportunity to pursue foreclosure prevention alternatives they would have qualified, which would have then prevented the non-judicial foreclosure proceeding, the cost and expense of the instant pending litigation, and other actual and consequential damages that will be proven on date of trial. (Complaint ¶ 30). Thus, had Defendant discussed alternatives to foreclosure prior to the recordation of the Notice of Default pursuant to California Civil Code section 2923.5, Plaintiff would have qualified for an alternative to foreclosure, and would not have accrued the current back dues.

Thus, Plaintiffs have properly alleged a Violation of Cal. Civil Code section 2923.5, and Defendants' motion to dismiss should be denied.

## C.    PLAINTIFF HAS ADEQUATELY PLEAD FOR CAL. CIVIL CODE SECTION 2923.55

California *Civil Code* section 2923.55, provides the following: "a mortgage servicer shall send the following information in writing to the borrower…

(B) A statement that the borrower may request the following:

(i) A copy of the borrower's promissory note or other evidence of indebtedness.

(ii) A copy of the borrower's deed of trust or mortgage.

(iii) A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose.

(iv) A copy of the borrower's payment history since the borrower was last less than 60 days past due."

Defendants sole argument here is that Plaintiff has not plead what date Plaintiff made a request under this code. This is simply not true as Plaintiff adequately plead that he has not received any of the documents listed in Cal. *Civil Code* section 2923.55 subsection (B), in violation of Cal. *Civil Code* section 2923.55, despite a request to furnish the aforementioned documents after January 1, 2013. (Complaint ¶ 33).

## D. PLAINTIFF HAS ADEQUATELY PLEAD FOR CAL. CIVIL CODE SECTION 2923.6 & 2923.7

Pursuant to California *Civil Code* section 2923.6, the mortgage servicer, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

"(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired."

Defendants have not made a written determination that the Plaintiff is not eligible for a first lien loan modification, and are in violation of California *Civil Code* section 2923.6, as Defendants have a duty to maximize the net present value under their pooling and servicing agreements, and a mortgage servicer acts in the best interests of all the parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan. (Complaint ¶ 37). Defendants state that the claim fails because Plaintiff has not alleged that he submitted a loan modification application, yet Plaintiff requests leave to amend the complaint should the Court require that the allegation be asserted.

Additionally, California *Civil Code* section 2923.7 further provides that upon the request of a foreclosure prevention alternative, the mortgage servicer:

1
2
3

"Shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."

4
5
6
7
8
9

Plaintiff has adequately plead that despite Plaintiff's request for assistance with an alternative to foreclosure prevention, Plaintiff was not provided with the name or information of their "Case manager". (Complaint ¶ 38). Indeed, Plaintiff has plead that Defendant initiated foreclosure proceedings without ever contacting or attempting to contact Plaintiff with alternatives to foreclosure, nor determining whether a first lien loan modification is possible, violations of Cal. *Civil Code* sections 2923.5 and 2923.6.

10
11
12

Indeed, at this stage, prior to discovery, Plaintiff has stated enough facts to state a claim for relief that is plausible on its face and thus not subject to dismissal.

13

14

**E.    PLAINTIFF'S UCL CLAIM IS SUFFICIENTLY PLED**

15
16
17
18
19
20

Plaintiff has sufficiently pled Defendants' violations of *California Business and Professions Code* section 17200. Defendant's sole argument here is that because the UCL claim is predicated on the aforementioned causes of action, then the UCL claim also fails. Plaintiff incorporates herein by reference the arguments raised above, and for that reason Plaintiff has plead a viable cause of action under UCL.

21
22
23
24
25
26

Plaintiff has adequately stated a claim against Defendants for violation of the Unfair Competition Law ("UCL") codified in *California Business & Professions Code* § 17200, *et seq*. As demonstrated above, Plaintiff has sufficiently pled its causes of action for which Plaintiff's UCL claim are based upon. Since Defendants' motion to dismiss must be overruled based on the foregoing reasons, Defendants' motion to dismiss as to this cause of action must be overruled as well.

27
28

Further, Plaintiff has alleged that it has lost money or property as a result of the alleged acts of unfair competition of Defendants, and thus has standing

pursuant to *California Business & Professions Code* § 17204 and *Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798.    Indeed, at this stage, prior to discovery, Plaintiff has stated enough facts to state a claim for relief that is plausible on its face and thus not subject to dismissal.

### a.  Plaintiffs allege fraudulent conduct

Additionally, Plaintiffs have plead fraudulent conduct on behalf of the Defendants with requisite specificity as Plaintiffs have alleged the exact date the unfair act or omission of act occurred upon, exactly who or what committed the act or omission of act, the document or instrument that references the act or omission of act, as well as the reason the act or omission of act is "unfair" as defined under California Business & Professions Code section 17200. For instance, Plaintiffs alleged that, Defendants failed to contact the borrower, Plaintiff, to discuss his financial situation or options for avoiding foreclosure as required under California *Civil Code* section 2923.5, yet fraudulently declared in boilerplate language that they had fulfilled the requirements in the NOD.  Plaintiffs have specifically alleged that the Notice of Default included a boilerplate declaration that was false, and have attached the declaration to the complaint, which shows the name of the individual and the date on which the  declaration was made. (Complaint ¶21).

Thus, Plaintiff has successfully plead fraudulent conduct to support the Unfair Business Practices cause of action as well.

### b.  Plaintiffs Have Adequately Plead Unfair Conduct.

Plaintiffs have alleged that the Defendants are in violation of substantive and procedural irregularities in the non-judicial foreclosure of the Subject Property, and that Plaintiff now faces the possible loss of the Subject Property because of Defendants' actions or omissions of actions, as well as the opportunity to have qualified for foreclosure prevention options that Plaintiff would have pursued but for the Defendants failure to provide Plaintiff with such an opportunity pursuant to California *Civil Code* section 2923.5, 2923.6.   (FAC ¶ 30,35).

Thus, Plaintiffs have alleged facts which establish violations of California's non-judicial foreclosure statutory scheme, and Defendants' motion to strike should be overruled in its entirety.

## V.   IF THE COURT PERCEIVES ANY MERIT TO THE MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED

Finally, if the court perceives any defect in the Plaintiff's Complaint, it should grant the Plaintiff leave to amend.   The Ninth Circuit in *Mayes v. Leipziger*, 729 F.2d 605, 607-609 (9th Cir. 1984), determined that a party must be given at least <u>one opportunity to amend</u> the complaint after a motion to dismiss is granted.   The Ninth Circuit based its holding in part on *Federal Rule of Civil Procedure* 15(a) which provides that "a party may amend his pleadings once as a matter of course at any time before a responsive pleading is filed..." *Id*. at 607. A motion to dismiss is not considered a "responsive pleading." *Breier v. Northern California Bowling Proprietors' Assn.*, 316 F.2d 787, 789 (9th Cir. 1963). Granting a motion to dismiss does not terminate the right to amend. *Ibid.*   It is therefore clear error to grant a motion to dismiss without leave to amend.   *Mayes v. Leipziger*, 729 F.2d at 607-608.

## VI.   CONCLUSION

Before considering the Defendants' Motion to Dismiss, the Court should first determine Plaintiff's Motion to Remand, which properly challenges this Court's subject matter jurisdiction.   If that motion is granted, the Court need not and should not decide Defendants' Motion to Dismiss.

If the court denies Plaintiff's Motion for Remand and considers Defendants' Motion to Dismiss, it should deny that motion as Plaintiff has sufficiently alleged it respective causes of action against Defendants, and each of them, at this stage of

litigation.  However, if the Court perceives any defect in Plaintiff's Complaint, it should grant the Plaintiff leave to amend in compliance with *Mayes*.

Dated: April 1, 2014                    **PRIME LAW GROUP, APC**


                                        By:   ___/s/ Armine Singh_____
                                              ARMINE SINGH, ESQ.
                                              Attorney for Plaintiff
                                              JOHN A. QUIROGA

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

6
7    JOHN A. QUIROGA, *an individual*;

8
9                    Plaintiff,

10
11
12   v.

13
14
15   WELLS FARGO  FINANCIAL
     SERVICES, INC.; NDEX WEST,
16   LLC; and DOES 1 through 20,
     inclusive,
17
18
19                   Defendants.
20
21

**CASE NO: C-14-01332KAW**


*Assigned to the Hon. Kandis A. Westmore*


**CERTIFICATE OF SERVICE**

Date:  June 5, 2014
Time: 11:00 am
Ctrm: 4 - 3rd Floor

22          I, the undersigned, declare that I am over the age of 18 and I am not a

23   party to this action.  I am employed in the County of Los Angeles, State of

24   California. My business address is 101 N. Brand Blvd. Suite 1920, Glendale

25   California 91203.

26
27          On the date below, I served a copy of each of the below-listed documents on

28

all interested parties in said case, as follows:

  1.  Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint.

<u>SERVICE LIST</u>

| | |
|---|---|
| D. Dennis La, Esq.<br>dla@afrct.com<br>ANGLIN, FLEWELLING,<br>RASMUSSEN, CAMPBELL &<br>TRYTTEN LLP<br>199 South Los Robles Avenue,<br>Suite 600<br>Pasadena, CA 91101-2459<br>Tel: (626) 535-1900<br>Fax: (626) 577-7764 | Attorneys for:<br><br>Wells Fargo Bank, N.A., successor by<br>merger with Wells Fargo Bank<br>Southwest, N.A., f/k/a Wachovia<br>Mortgage, FSB, f/k/a World Savings<br>Bank, FSB (sued erroneously as "Wells<br>Fargo Mortgage LLC") ("Wells Fargo") |
| Robert Prema Wright, Esq.<br>edwardt@bdfgroup.com<br>BARRETT DAFFN FRAPPIER<br>TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA 91765<br>Tel: (626) 915-5714<br>Fax: (909) 595-7640 | Attorneys for:<br><br>NDeX West LLC |

[X]   BY MAIL - I deposited such envelope in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[ ]   BY PERSONAL SERVICE - I caused such envelope to be delivered by a process server employed by (Name of process server).

[ ]   VIA FACSIMILE - I faxed said document, to the offices(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

[ X ]   BY ELECTRONIC TRANSMISSION - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ ]   BY OVERNIGHT DELIVERY  - I deposited such envelope for collection and delivery by (Type Name of Overnight Delivery Service) with delivery fees paid or provided for in accordance with ordinary business practices.  I

2
CERTIFICATE OF SERVICE

am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by (Type name of Overnight Delivery service). They are deposited with a facility regularly maintained by (Type Name of Overnight Delivery service) for receipt on the same day in the ordinary course of business.

[ ]   (State)        I declare under penalty of perjury under the laws of the State of California

that the above is true and correct.

[ ]   (Federal)     I declare that I am employed in the office of a member of the bar of this

Court at whose direction the service was made.

Dated: April 1, 2014                **PRIME LAW GROUP, APC**

By:     __/s/ Rosie Jambazian_____

Rosie Jambazian

CERTIFICATE OF SERVICE