United States District Court
Northern District of California

JOHN A. QUIROGA,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No.: CV 14-01332-KAW

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

(Dkt. No. 7)

Plaintiff John A. Quiroga filed this case against Defendants Wells Fargo and NDeX West, LLC in San Francisco Superior Court on February 18, 2014. Wells Fargo removed the case to federal court on March 21, 2014. On March 26, 2014, Plaintiff filed a motion to remand the case to state court.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and finds that Wells Fargo is a citizen of South Dakota for diversity purposes. Therefore, Plaintiff's motion to remand is DENIED.

## I. LEGAL STANDARD

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). This principle dictates that the removal statute be "strictly construed against removal jurisdiction." *Id.*

## II. DISCUSSION

Plaintiff maintains that this case should be remanded to state court on the grounds that Wells Fargo is a citizen of California, and the amount in controversy is less than $75,000.

///

### A. Citizenship of Wells Fargo for Diversity Purposes

Plaintiff, a citizen of California, argues that Wells Fargo is also a California citizen, and that this case must, therefore, be remanded to state court because there is not complete diversity of citizenship between the parties. Wells Fargo argues that it is a citizen of South Dakota, where its main office is located, but that its principal place of business is in California.

Defendant's citizenship for diversity purposes is governed by 28 U.S.C. § 1348, which provides that national banks "shall...be deemed citizens of the States in which they are respectively located." While there was a split among the district courts regarding Wells Fargo's citizenship, the Ninth Circuit recently held that "under § 1348, a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located." *Rouse v. Wachovia Mortgage, FSB*, --- F.3d ----, No. 12-55278, 2014 WL 1243869, at *7 (9th Cir. Mar. 27, 2014).

The Court, therefore, finds that Wells Fargo is a citizen of the state where it maintains its main office—South Dakota. Additionally, since there is no dispute that NDeX is both a citizen of Delaware and a nominal party, there is complete diversity between the parties.

### B. Amount in Controversy

Plaintiff also argues that this case should be remanded because Wells Fargo has failed to prove that the amount in controversy requirement has been met. Jurisdictional facts are determined on the basis of a plaintiff's complaint at the time of removal. 28 U.S.C. § 1441. Defendant need only set forth underlying facts supporting that the threshold requirement is met in the removal petition if the amount of the plaintiff's damages are unclear from the complaint. *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) (citing *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403–04 (9th Cir.1996). "Defendant must prove that more likely than not the amount in controversy exceeds $75,000." *Ngoc Nguyen,* 749 F. Supp. 2d at 1028 (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992); *Sanchez,* 102 F.3d at 404).

When a plaintiff seeks injunctive relief, the value of the object of the litigation determines the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiff's complaint, which was filed in San Francisco Superior Court, sought unspecified damages,

including an injunction preventing the transfer of real property, which had an original loan amount of $360,000. (Compl., Dkt. No. 1, Ex. A at 37.) As this amount greatly exceeds $75,000, the Court finds that Defendant has established that the amount in controversy likely exceeds $75,000.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: April 25, 2014

KANDIS A. WESTMORE
United States Magistrate Judge